[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence August 22, 1991 Date of Application August 22, 1991 Date Application Filed August 22, 1991 Date of Decision July 28, 1992
Application for review of sentences imposed by the Superior Court, Judicial District of Tolland. Docket Numbers. MV19-5727; CR19-5793; CR19-5798
Denise Ansell, Esq. Defense Counsel for Petitioner
CT Page 8310 Nina Rosen, Esq. Assistant State's Attorney for the State
BY THE DIVISION
The record indicates that on August 9, 1990, after pleas of guilty, petitioner was convicted of a violation of General Statutes 53a-60d assault in the second degree with a motor vehicle; burglary in the third degree in violation of General Statutes 53a-103 and larceny in the third degree in violation of General Statutes 53a-124. Consecutive sentences of three years were imposed for each violation with the execution suspended and five years probation. The full sentence was nine years execution suspended with five years probation.
Specific conditions of probation were imposed. These conditions principally involved psychological and substance abuse treatment and counseling, restitution and community service.
Intensive probation was ordered for a portion of the proportionary period.
At the time these matters were disposed of fifteen other criminal charges were pending against petitioner. These charges consisted of an assortment of crimes including residential burglaries, larcenies, threatening and motor vehicle offenses. It appears that petitioner pleaded to these charges also and was sentenced to an unconditional discharge on each count.
On May 24, 1991, violation of probation proceedings were instituted on three counts and on August 14, 1991 petitioner admitted that he was in violation of probation. After a hearing, substantially in accordance with Practice Book 919, the orders suspending the executions of the sentences were revoked and the original sentence of nine years was imposed.
Nothing was presented to indicate that the original sentence or the sentence imposed for violation of probation was unfair or disproportionate.
The state argued that the sentence should not be reduced. It was stated that the original offenses were malicious and serious and that petitioner received a tremendous break when the total sentence was suspended.
In imposing sentence for violation of probation, CT Page 8311 the sentencing judge remarked that "the beneficial purpose of probation had not been met." This was a cogent observation.
Considering the criteria imposed by Practice book 942 this sentence should not be reduced.
Accordingly the sentence is affirmed.
Purtill, J. Stanley, J. Norko, J.
Purtill, Stanley, and Norko, JJ. participated in this decision.